UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSICA RAE EUBANKS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-545** |
| **USAA GENERAL INDEMNITY COMPANY, ET AL.** | **SECTION: "P" (2)** |

## ORDER AND REASONS

Before the Court is the Motion for Summary Judgment[1] filed by Defendant, Uber Technologies, Inc. ("Uber"). The noticed submission date for the motion is January 22, 2025.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance January 14, 2025. Plaintiffs, Jessica Rae Eubanks and Eric Eubanks, who are represented by counsel, did not file an opposition to the motion.[3] Accordingly, because the motion is unopposed and appears to have merit,[4]

---

[1] R. Doc. 25.
[2] R. Doc. 25-12.
[3] During the January 15, 2025 status conference with the Court, counsel for Plaintiffs informed the Court that Plaintiffs have no opposition to Uber's motion for summary judgment. *See* R. Doc. 30.
[4] This action arises out of an automobile accident involving Plaintiff Jessica Rae Eubanks and Defendant Duncan Vandecarr. *See* R. Doc. 1-1. Plaintiffs allege Vandecarr was negligently operating his vehicle when he rear-ended the vehicle driven by Jessica Eubanks, causing her to suffer serious and permanent injuries. *Id.* at ¶¶ 7–9, 14. Plaintiffs further allege Eric Eubanks has suffered loss of consortium and society as a result of the accident and the injuries his wife has suffered. *Id.* at ¶ 10. Plaintiffs claim Vandecarr was in the course and scope of his employment with Uber at the time of the collision and thus seek to hold Uber liable for Plaintiffs' injuries under the theory of respondeat superior. *Id.* at 11. The principle of vicarious liability or respondeat superior is codified in Louisiana Civil Code article 2320, which provides that an employer is liable for damages occasioned by their employees "in the exercise of the functions in which they are employed." LA. CIV. CODE. art. 2320. Uber moves for summary judgment, urging that it cannot be vicariously liable for the injuries alleged caused by Vandecarr because there was no employment relationship between Vandecarr and Uber. R. Doc. 25. The Court agrees. The undisputed facts establish that there was no relationship between Vandecarr and Uber at the time of the accident. *See* R. Doc. 25-2. At most, Vandecarr had a contractual relationship with Portier, LLC, a wholly owned subsidiary of Uber. But Portier, LLC is not a defendant in this lawsuit, and even if it was (or even if Plaintiffs could establish liability against Uber based on its parent-subsidiary relationship with Portier, LLC), for the same reasons expressed by the court in *Selestan v. Portier, LLC*, No. 23-2386, 2024 WL 2863382, at *3–5 (E.D. La. June 6, 2024), the undisputed facts here also establish that there was no employer-employee relationship between Portier, LLC and the alleged tortfeasor, Vandecarr. Accordingly, for all these reasons, the Court concludes Uber cannot be vicariously liable for the allegedly negligent acts of Vandecarr under Louisiana Civil Code article 2320, as a matter of law.

**IT IS ORDERED** that Uber's Motion for Summary Judgment (R. Doc. 25) is **GRANTED.** Judgment is granted in favor of Defendant Uber Technologies, Inc. and against Plaintiffs Jessica Rae Eubanks and Eric Eubanks on all claims.

**IT IS FURTHER ORDERED** that Uber's Omnibus Motion in Limine (R. Doc. 27) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 16th day of January 2025.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**